IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**FRANKIE BRIDGET and**
**CALVIN HAWKINS**                                                                 **PLAINTIFFS**

v.                                          2:06CV00161-WRW

**WEST HELENA HOUSING**
**AUTHORITY and CENTERPOINT**
**ENERGY**                                                                         **DEFENDANTS**

## ORDER

This is a tort claim based on state law originally filed in the Circuit Court of Phillips County, Arkansas on June 9, 2006. Defendants removed the case to federal court on July 3, 2006. Although West Helena Housing Authority ("WHHA"), like the Plaintiffs, is based in Phillips County, Defendants argue that complete diversity[1] exists because WHHA was fraudulently named in the Complaint. Alternatively, Defendants argue that because WHHA is a non-profit corporation, charitable immunity applies and it cannot be sued. Pending are Plaintiffs' Motions to Remand (Doc. No. 10 and 11).

Federal courts are required to strictly construe the federal removal statute, and any ambiguities about federal jurisdiction are to be resolved in favor of remand.[2] In removal cases, defendant has the burden of proving federal court jurisdiction.[3] "As the party seeking removal and

---

[1]*See* 28 U.S.C. §§ 1332, 1441, and 1446.

[2]*Transit Casket Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

[3]*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Hartridge v. Aetna Casualty & Surety Co.,* 415 F.3d 809, 814 (8th Cir. 1969).

1

opposing remand, [defendant] has the burden of establishing federal subject matter jurisdiction."[4] In the present case, however, Plaintiffs originally filed in state court, the case was removed to federal court by Defendants, and Plaintiffs are now moving for a remand back to state court.

Defendants argue that WHHA is entitled to sovereign immunity as set out in Ark. Code Ann. § 21-9-301, which provides for "immunity to all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies . . . ." Defendants contend that WHHA is a "political subdivision" and, therefore, immune from suit.[5] Whether a party is entitled to immunity is a question of law, not fact.[6]

The Arkansas Housing Authorities Act creates housing authorities, which are defined as "a public body corporate and politic . . . with the capacity to sue and be sued."[7] Comparing school districts with housing authorities, the Arkansas Supreme Court recently stated:

> It would appear that a school district is in the same legal category as a housing authority. Both are created by the General Assembly, both are termed, and are body corporates, and both may sue and be sued.[8]

---

[4]*In re Business Men's Assurance Company of America*, 992 F.2d 181, 183 (8th Cir. 1993).

[5]Ark. Code Ann. § 21-1-303(4) ( "'Political subdivision' includes counties, cities, towns, villages, townships, districts, authorities, and other public corporations and entities whether organized and existing under charter or general law."); and Ark. Code Ann. § 15-5-103(18) ("'Political subdivision' means a city of the first class, a city of the second class, an incorporated town, a county, or an improvement district, or any agency, board, commission, public corporation, or instrumentality of the above.").

[6]*Lopez v. Mendez*, 432 F.3d 829, 835 (8th Cir. 2005).

[7]Ark. Code Ann. § 14-169-211 (1987).

[8]*Dermott Special School District v. Johnson*, 343 Ark. 90, 96, 32 S.W.3d 477, 481 (2000).

The court concluded that school districts, "as political subdivisions, are not entitled to the State's constitutional sovereign-immunity protection."[9] Likewise, housing authorities are not entitled to sovereign immunity, and Defendants sovereign immunity argument fails.

Defendants next argue that since WHHA is a non-profit corporation, the charitable immunity exception applies. "The essence of the [charitable immunity] doctrine is that agencies, trusts, etc., created and maintained exclusively for charity may not have their assets diminished by execution in favor of one injured by acts of persons charged with duties under the agency or trust."[10] The *Low* Court held that charitable immunity is a complete bar to suit.

Is a housing authority a charity? The Arkansas Constitution, in pertinent part, exempts "public property used exclusively for public purposes."[11] The Arkansas Supreme Court, in interpreting Ark. Const. art. 16, § 5, has consistently held that "in order for property to be exempt from taxation two elements must be present: 1) the property must in fact be "public property," that is it must be owned by a public entity; and 2) it must be used exclusively for public purposes." [12] Existing Arkansas case law supports the tax-exempt status of property of a municipal housing

---

[9]*Id*. at

[10]*Low v. Insurance Co. of North America*, 364 Ark. 427, ___ S.W.3d ___ (Ark. 2005) (*citing Crossett Health Center v. Croswell*, 221 Ark. 874, 256 S.W.2d 548 (1953)).

[11]Arkansas Constitution, art. 16, § 5.

[12]*City of Little Rock v. McIntosh*, 319 Ark. 423, 892 S.W.2d 462 (1995); *Phillips v. City of Fayetteville*, 306 Ark. 87, 811 S.W.2d 308 (1991); *Wayland v. Snapp*, 232 Ark. 57, 334 S.W.2d 663 (1960).

authority.[13]   Accordingly, although WHHA does not qualify for sovereign immunity, it cannot be sued due to charitable immunity.

Because WHHA qualifies for charitable immunity and cannot be sued, it's residency cannot be considered to determine federal diversity. Without WHHA, complete diversity exists.  Plaintiffs' Motion to Remand is DENIED.

IT IS SO ORDERED this 14th day of November, 2006.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[13]*Holiday Island Suburban Imp. Dist. No. 1 of Carroll County v. Williams*, 295 Ark. 445, 749 S.W.2d 314 (Ark. 1988); *see also Hogue v. Housing Authority of North Little Rock*, 201 Ark. 263, 144 S.W.2d 49 (1940).